UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH LANGAN and LORA LANGAN, husband and wife, individually, and as the Parents and Legal Guardians of OWEN PATRICK LANGAN, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>BJ'S WHOLESALE CLUB, INC., a foreign corporation.<br><br>Defendant. | Civil Action No.<br><br>04-4138 (KSH) |
| **COMPLAINT** | |

The plaintiffs, Joseph Langan and Lora Langan, husband and wife, individually and as the Parents and Legal Guardians of plaintiff, Owen Patrick Langan, a minor, by way of Complaint against the defendant say:

**PARTIES**

1.1   The plaintiffs, Joseph Langan and Lora Langan, are husband and wife, and at all material times resided at 102 Glen Avenue, Glen Rock, New Jersey 07452. Plaintiffs now reside at 352 Brownstone Court, Wyckoff, New Jersey 07481.

1.2   The plaintiffs, Joseph Langan and Lora Langan, are the natural parents and legal guardians of plaintiff, Owen Patrick Langan, a minor who was three at the time, and who at all material times resided with his parents.

1.3     The plaintiffs, Joseph Langan and Lora Langan are the persons best qualified to act as Guardian ad Litem for Owen Patrick Langan, and will be appointed to act as same.

1.4     The defendant, BJ's Wholesale Club, Inc., ("BJ's") is a Delaware corporation, authorized to do business in the State of New Jersey with principal offices located at One Mercer Road, Natick, Massachusetts 01760. BJ's owns and operates numerous retail stores in the State of New Jersey, including a retail outlet located in Paramus, New Jersey.

## JURISDICTION AND VENUE

2.1     Jurisdiction is proper here, pursuant to 28 USC § 1332, as Joseph Langan and Lora Langan are citizens of New Jersey, and the defendant is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in a State other than the State of New Jersey.

2.2     The matter in controversy exceeds, exclusive of interest and costs, $75,000, as required by 28 U.S.C. § 1332.

2.3     The venue of this action is proper in the District of New Jersey because the action arose in New Jersey, the plaintiffs reside in New Jersey, and the defendant does business in New Jersey.

## FACTS

3.1     On May 11, 2002, BJ's manufactured and then sold 90% lean ground beef to Jennifer Begg, a friend of the Langans, at its store located in Paramus, New Jersey.

3.2     On May 11, 2002, the Begg family went over to the Langans for a barbeque, took over the hamburger meat, and Owen Patrick Langan consumed a hamburger made

from the ground beef purchased from the defendant BJ's. On May 14, 2002, he consumed meatloaf prepared from the same package of ground beef.

3.3   On May 27, Owen was unusually tired and took a two-hour nap during the afternoon, which was not a part of his ordinary routine.

3.4   By Tuesday, May 28, Owen noticeably did not feel well. His preschool called Lora to notify her that her son was ill and needed to go home. Owen had developed watery diarrhea, abdominal cramping, and a low-grade fever.

3.5   On May 29, Owen's diarrhea turned bloody, and he continued to suffer bouts of cramping every half hour. Joseph and Lora took Owen first to Enrique More, M.D., Owen's pediatrician, early in the morning on May 30; he then requested that they take him to the emergency room, where he was immediately admitted. A stool sample was collected for testing and he was started on IV fluids.

3.6   Owen continued to suffer constant bloody diarrhea and painful abdominal cramps while in the hospital. Hospital staff took frequent blood tests from his arms and legs, causing serious bruising and need for the installation of a permanent blood port. On June 2, his stool sample cultured positive for *E. coli* O157:H7. The results were forwarded to the local health department.

3.7   By June 3, Owen's kidney function had deteriorated significantly and he was diagnosed with hemolytic uremic syndrome ("HUS"). He received several blood transfusions. Because of his worsening condition, Owen's parents decided to have Owen transferred to another hospital for more specialized care.

3.8     Owen was transferred to St. Joseph's Children's Hospital the afternoon of June 3. After examining and admitting him, the physicians advised Joseph and Lora that Owen required dialysis. He was scheduled for surgery to place a femoral catheter and to initiate peritoneal dialysis, which commenced on June 4. He received more blood transfusions, including a transfusion of platelets.

3.9     After a total of four days of peritoneal dialysis, Owen's kidneys finally began functioning adequately on their own again. Owen was finally discharged on June 13, 2002, after approximately fourteen total days of hospitalization. He now requires annual nephrology checkups to monitor the uncertain future condition of his kidneys.

3.10    Joseph and Lora were extremely upset and worried while their son was hospitalized. While Joseph stayed with Owen in the hospital, Lora commuted from home to the hospital so she could feed and care for their newborn baby. Their other three children, including the two-week-old baby, were cared for by other family members at home.

## FIRST CAUSE OF ACTION - STRICT LIABILITY CLAIMS

4.1     The plaintiffs incorporate paragraphs 1.1 through 3.10 of this Complaint, by this reference, as if each and every one of these paragraphs was set forth here in its entirety.

4.2     BJ's is the owner and operator of a retail food store at which it manufactured, marketed, distributed and sold ground beef contaminated with *E. coli* O157:H7, a deadly pathogen.

4.3     The ground beef that BJ's manufactured and sold, and that the plaintiffs purchased and consumed, was adulterated, not fit for human consumption, not reasonably safe in construction, and was unsafe to an extent beyond that contemplated by the ordinary consumer. The ground beef was therefore defective.

4.4     The defendant is strictly liable to the plaintiffs for the harm proximately caused by its manufacture and sale of an unsafe and defective product.

## SECOND CAUSE OF ACTION – NEGLIGENCE

5.1     The plaintiffs incorporate paragraphs 1.1 through 4.4 of this Complaint, by this reference, as if each and every one of these paragraphs was set forth here in its entirety.

5.2     The defendant owed a duty to the plaintiffs to use reasonable care to manufacture and sell food that was not adulterated, that was fit for human consumption, that was reasonably safe in construction, and that was free of pathogenic bacteria or other substances injurious to human health. The defendant breached this duty.

5.3     The defendant owed a duty to the plaintiffs to use reasonable care in the selection of suppliers and purchase of raw materials so that the food it manufactured and sold was fit for human consumption, and safe to the extent contemplated by a reasonable and ordinary consumer. The defendant breached this duty.

5.4     By breaching duties of care owed to the plaintiffs, the defendant committed negligent acts and omissions.

5.5     Plaintiffs' injuries and damages were the foreseeable and proximate result of the defendant's negligence. Accordingly, defendant is liable to plaintiffs for their damages.

## THIRD CAUSE OF ACTION - NEGLIGENCE PER SE

6.1    The plaintiffs incorporate paragraphs 1.1 through 5.5 of this Complaint, by this reference, as if each and every one of these paragraphs was set forth here in its entirety.

6.2    The defendant had a duty to comply with all statutory and regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling and sale of the food it sold, including the applicable provisions of the Federal Meat Inspection Act, and New Jersey Food Regulations, all of which prohibit the manufacture and sale of any food that is "adulterated," or otherwise "injurious to health."

6.3    The food that the defendant manufactured, distributed and sold, and that the Plaintiffs purchased and consumed, was "adulterated" within the meaning of the Federal Meat Inspection Act, and New Jersey Statutes, Title 24, "Food and Drugs", because the food contained a substance that rendered it injurious to health.

6.4    The defendant violated federal, state, and local food safety statutes and regulations, including but not limited to New Jersey Statutes, Titles 24:5-1, 24:5-8, and 24:5-17, by its manufacture and sale of adulterated food.

6.5    The defendant violated state and local food safety regulations by operating in accordance with standards and procedures that were insufficient, unsafe, and inconsistent with applicable food and safety regulations.

6.6    The federal, state, and local food safety regulations applicable here, establish a positive and definite standard of care in the design, manufacture, and sale of food, and the violation of these regulations constitute negligence per se.

6.7     The plaintiffs were injured as the direct and proximate result of the defendant's violation of applicable federal, state, and local food safety regulations. Accordingly, defendant is liable to plaintiffs for their damages.

### FOURTH CAUSE OF ACTION - BREACH OF WARRANTIES

7.1     The plaintiffs incorporate paragraphs 1.1 through 6.7 of this Complaint by this reference, as if each and every one of these paragraphs was set forth in its entirety.

7.2     The defendant expressly warranted, through their sale of food to the public, and by the statements and conduct of their employees and agents, that the food it prepared and sold was fit for human consumption, and not otherwise adulterated or injurious to health.

7.3     The defendant impliedly warranted that the food it manufactured and sold would pass without exception in the trade, and was thus merchantable.

7.4     The defendant impliedly warranted that the food it manufactured and sold was fit for the uses and purposes intended, i.e., human consumption.

7.5     By manufacturing ground beef that was contaminated with *E. coli* O157:H7, and then selling it to the plaintiffs, the defendants breached its express and implied warranties.

7.6     The plaintiffs' injuries and damages were proximately caused by defendant's breach of warranties.

### DAMAGES

8.1     The plaintiff, Owen Patrick Langan, has suffered personal injury damages as the direct result of the tortious acts and omissions of the defendant, including, without

limitation, past and future economic damages, the loss of enjoyment of life, pain and suffering, mental anxiety and stress, permanent physical injury, and any other damages for which the law provides relief.

8.2 The plaintiffs, Joseph, Lora, and Owen Patrick Langan, have suffered special, incidental and consequential damages as the direct and proximate result of the unlawful acts and omissions of the defendant, including, without limitation, past and future damages for medical-related expenses, travel-related expenses, and any damages for which the law provides relief.

8.3 The plaintiffs, Joseph and Lora Langan, have also suffered severe emotional distress as a direct and proximate result of their child suffering an *E. coli* O157:H7 infection caused by the defendant's manufacture and sale of adulterated ground beef.

## PUNITIVE DAMAGES

9.1 The defendant, in failing to take adequate steps to prevent sale of meat contaminated with *E. coli* O157:H7 in light of a previous outbreak of *E. coli* O157:H7 in its ground beef in April 1999, acted maliciously, wantonly, and or with recklessness demonstrating an improper motive.

9.2 Management and superior officers at BJ's had knowledge of the prior outbreak and the lack of protection against future contamination of its products.

9.3 As a result of this reckless behavior, the plaintiffs are entitled to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs demand:

(1) That the Court award plaintiffs judgment against defendant in the amount to be determined at trial for all general, special, incidental and consequential damages incurred, or to be incurred.

(2) That the Court award Punitive Damages; and

(3) That the Court award plaintiffs their costs, disbursements and reasonable attorneys' fees incurred; and

(4) That the Court award such other and further relief as it deems necessary and proper.

DATED this August 23, 2004

MARLER CLARK, LLP, PS

*William D. Marler*

William D. Marler, Esq.
Attorneys for the plaintiffs
701 Fifth Avenue, Suite 6600
Seattle, WA 98101
Tele. No. (206) 346-1888

Co-Counsel:
KILSTEIN & KILSTEIN, LLC

*Neil Kilstein*

Neil Kilstein, Esq.
Co-Attorneys for the plaintiffs
669 River Drive
River Drive Center 2 – Suite 320
Elmwood Park, NJ 07407
Tele No. (201) 791-7797